IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MANDRIEZ SPIVEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-174 (MTT) |
| | ) |
| UNITED STATES GOVERNMENT, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Mandriez Spivey, who was recently released from prison and is currently on probation, has filed a pro se petition for writ of habeas corpus challenging his detention pursuant to 28 U.S.C. § 2254.  Doc. 1.  He has also moved to proceed in forma pauperis ("IFP") and to appoint counsel.  Docs. 2; 4.  For the reasons stated below, the Court **GRANTS** Petitioner's motion to proceed IFP (Doc. 2) for purposes of dismissal alone, **DENIES as moot** his motion to appoint counsel (Doc. 4), and **DISMISSES** his petition (Doc. 1).

### I. DISCUSSION

This matter is before the Court pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts, which provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner lists four grounds on which he claims that he was previously held in violation of his rights based on a 1997 State court conviction: (1) "actual innocence;" (2) the district attorney "failed to disclose evidence" that was favorable to Petitioner; (3) "ineffective assistance of counsel and a conspiracy to cover up and retaliate;" and (4) "prosecutor misconduct" based largely on the same set of facts regarding the allegations in Grounds 1 and 3. *See generally* Doc. 1. He also states that this State court conviction was used to enhance his federal sentence. *Id.* at 10−11.

This Court has jurisdiction to review the § 2254 petition of a habeas petitioner who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means that the habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490−91 (1989). "A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired." *Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997) (citation omitted); s*ee also Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (a federal prisoner who challenges an expired state sentence that was used to enhance his current federal sentence must bring suit under 28 U.S.C. § 2255 rather than § 2254);[1] *Andrews v. Warden, FCC Coleman USP # I*, 475 Fed. App'x 747 (11th Cir. 2012). Because Petitioner is no longer in State custody, this Court does not have jurisdiction to hear his claims under § 2254.

---

[1] Petitioner is not currently in custody pursuant to any State court convictions. To the extent that he is currently in the custody of federal authorities, Petitioner must challenge that conviction under § 2255 and receive authorization from the Eleventh Circuit.

This is true even if Petitioner's prior conviction was subsequently used to enhance a federal sentence.  "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001).  Thus, "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id*. at 403−04.  The only "rare" exceptions to this rule are:  (1) when there has been a violation of the right to counsel set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963); and (2) when no channel of review was actually available with respect to a prior conviction, due to no fault of the criminal defendant.  *Daniels v. United States*, 532 U.S. 374, 382-83 (2001); *Lackawanna Cty*., 532 U.S. at 396–406; *McCarthy v. United States*, 320 F.3d 1230, 1232−33 (11th Cir. 2003) (referencing that these are "rare exceptions" in a § 2255 case).

Neither of those exceptions applies here.  Petitioner states that he was represented by counsel.  Doc. 1 at 5−8.  Although he raises an ineffective assistance of counsel claim, ineffective assistance is not what was contemplated by the Supreme Court when it carved out the exception for defendants having no available channel of review.  Courts have, in fact, found that "prisoners are not entitled to [the] exception on the ground that their counsel provided inadequate representation." *Custis v. United States*, 511 U.S. 485, 496–97 (1994) (holding that claims of ineffective assistance of counsel not encompassed within the Sixth Amendment violation exception).

Additionally, Petitioner does not allege the actual absence of a channel of review with respect to his conviction as contemplated in *Lackawanna*. 532 U.S. at 396–406.

Petitioner also states he is "actually innocent." Doc. 1 at 3. A channel of review is unavailable if "after the time for direct or collateral review has expired, a defendant … obtain[s] compelling evidence that he is actually innocent of the crime for which he was convicted, … which he could not have uncovered in a timely manner." *McCarthy*, 320 F.3d at 1233 (citing *Lackawanna*, 532 U.S. at 405). Petitioner does not mention any newly discovered "compelling evidence." *Id*. He merely makes the conclusory allegation that he is "actually innocent," and this threadbare recital of an exception allowed under *Lackawanna* is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court thus finds that Petitioner is barred, as a matter of law, from using § 2254 to mount a collateral attack on the State court conviction, even if it was used to enhance his federal sentence. Additionally, Petitioner was not "in custody" pursuant to the State court conviction when he filed this petition. Doc. 1 at 1.

## II.  CONCLUSION

For the reasons set forth above, Petitioner's motion to proceed IFP (Doc. 2) is **GRANTED**, his petition for writ of habeas corpus (Doc. 1) is **DISMISSED**, and his motion to appoint counsel (Doc. 4) is **DENIED as moot**.

**SO ORDERED**, this 4th day of September, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT